# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61467-BLOOM/Valle

CHARLES COLON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

    Defendant.
_____/

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This cause is before the Court upon Plaintiff Charles Colon's ("Plaintiff" or "Colon") Motion for Summary Judgment, ECF No. [15] ("Plaintiff's Motion"), and Defendant Nancy A. Berryhill, as Acting Commissioner of the Social Security Administration's ("Defendant") Motion for Summary Judgment, ECF No. [18] ("Defendant's Motion"). In this suit, Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security Administration, which denied Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. *See* ECF No. [1]. This matter was referred to the Honorable Alicia O. Valle, United States Magistrate Judge, consistent with Administrative Order 2014-64, for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [11]. On August 24, 2018, Judge Valle issued a Report and Recommendation recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted, and that the decision of the Administrate Law Judge ("ALJ") be affirmed. ECF No. [30] (the "Report and Recommendation" or "Report"); *see* 28 U.S.C. § 636(b)(1)(C) ("Within

fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections . . . as provided by rules of court."). Plaintiff timely filed his objections to the Report and Recommendation, ECF No. [31] ("Objections"). The Court has reviewed both Motions and the record, has conducted a *de novo* review of Judge Valle's Report and Recommendation in light of the Objections, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

## I. BACKGROUND

The Court adopts Judge Valle's description of the administrative history and record below, Report at 2, 5-9, and incorporates it by reference herein.

## II. LEGAL STANDARD

Plaintiff does not object to Judge Valle's recitation of the standard for judicial review of a final decision by the Commissioner of the Social Security Administration, which, in any event, is correct.[1] As stated in the Report, judicial review of the ALJ's decision is limited to whether "'it is supported by substantial evidence and based on proper legal standards.'" *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence

---

[1] Here, the July 7, 2016 ALJ determination became the Commissioner's "final decision" when the Appeals Council denied Plaintiff's request for review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *accord Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

The Report and Recommendation, at 2-5, likewise properly states the legal and regulatory standards an ALJ must employ in making a determination as to eligibility for disability insurance benefits.

**III.    DISCUSSION**

Plaintiff argues that the Court should reverse the Commissioner's determination that he is not disabled, because, as properly synopsized by the Report: (1) the ALJ failed to properly weigh the medical opinion evidence of Dr. Chin and Dr. Kaplan[2]; and, (2) the ALJ failed to properly evaluate Plaintiff's own testimony. Plaintiff's two objections in contending that the Court should decline to adopt Judge Valle's Report are identical to the arguments previously made in his Motion. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original

---

[2] Plaintiff does not object to Judge Valle's conclusions regarding P.A. Diedrick.

papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992)). In the Report, Judge Valle fully considered Plaintiff's arguments and concluded that the ALJ applied the correct legal standard, and that the ALJ's decision is supported by substantial evidence.

Upon careful review, the Court finds Magistrate Judge Valle's Report to be expertly reasoned and correct, and agrees that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's findings.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [31]**, are **OVERRULED**, and Magistrate Judge Valle's Report and Recommendation, **ECF No. [30]**, is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, **ECF No. [15]**, is **DENIED**;

3. Defendant's Motion for Summary Judgment, **ECF No. [18]**, is **GRANTED**;

4. The ALJ's decision is **AFFIRMED**;

5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

The Honorable Alicia O. Valle

Counsel of record